UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SHARON KIELER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No.:

NATIONS RECOVERY CENTER
INCORPORATED,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHARON KIELER [hereinafter "Plaintiff"], alleges violation(s) of the Florida Consumer Collection Practices Act and pursuant to Florida Statutes § 559.55 et seq. [hereinafter "FCCPA"] versus NATIONS RECOVERY CENTER INCORPORATED, [hereinafter "NATIONS"] for deceptive and illegal debt collection practices. Plaintiff, SHARON KIELER, further alleges violations of the Fair Debt Collection Practices Act pursuant to 15 USC 1692 et seq. against NATIONS RECOVERY CENTER INCORPORATED.

1.　　Unlike the F.D.C.P.A., the Florida Consumer Collection Practices Act is not restricted solely to third party debt collectors. While the Act does not define the term "person," it mandates that "no person" shall engage in certain practices in collecting consumer claims whether licensed by the division or not. This court has held that this language includes all allegedly unlawful attempts at collecting consumer claims. Williams v. Streeps Music Co., 333 So. 2d 65, 67 (Fla. 4th DCA 1976).

## LEGAL STANDARD

2.　　The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010).

Pursuant to Florida Statute 559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

### Trial By Jury

3. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all counts stated within and any issues so triable.

### Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

5. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

6. Venue is proper in this because the alleged acts and transactions complained of occurred here, Plaintiff resides here, and the Defendant transacts and/or conduct business here, and Defendant illegally attempted to collect a debt from Plaintiff within this venue.

### Parties

7. Plaintiff is a natural person who currently resides in Davie, Florida.

8. Plaintiff is a "consumer" as defined by the FCCPA. See Fla. Stat. § 559.55(2), and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff received a telephone call from defendant in February, 2013. Plaintiff was contacted by Defendant's debt collector, "Tiffany Hoover" from telephone number 1-800-935-1139, extension 2185. Ms. Hoover began demanding payment from Plaintiff for which she bears zero legal liability for, as the alleged loan was taken out on an individual basis by one of her in-laws. Ms. Hoover then advised that regardless of who took out the loan, that she would inevitably be sued, and she was given file # 4408264. Ms. Hoover then went through the details of a loan that her in law took out, before placing the "department manager", "Joe Wingfield" who is at extension 2181. Mr. Wingfield continued in an attempt to collect this alleged debt, and when Plaintiff refused, he indicated that he did not have authorization to disclose any further details regarding this debt, as it was not in Plaintiff's name. Mr. Wingfield then hung up on Plaintiff.

10. The telephone call referenced above was a "communication" pursuant to the FDCPA and the FCCPA. Despite having actual that knowledge that the Plaintiff bore no legal responsibility for the debt at issue, both collectors demanded payment from Plaintiff.

11. Defendant is a "debt collector" as contemplated by the Florida Consumer Collection Practices Act as the FCCPA applies to original creditors who are attempting to collect their own debts. See Craig v. Park Fin. Of Broward County, Inc., 390 F.Supp.2nd 1150, 115 MD Fla 2005). Defendant is a "debt collector" per the FDCPA and is registered in the state of Florida as a "debt collector". Defendant has illegally communicated with Plaintiff and attempted to collect a debt that Plaintiff does not owe.

12. As a result of all Defendant actions violating provisions of the FCCPA the Plaintiff incurred substantial damage, including but not limited financial damage. See Fla. Stat. § 559.72(9).

**Factual Allegations**

13. Due to Defendant's poor account resources and deficient billing practices, apparently Plaintiff was charged an invalid and improper amount on an account that Plaintiff was not legally liable for.

**COUNT 1 AS TO NATIONS RECOVERY CENTER INCORPORATED
VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT 555.72(9)**

Defendant expressly and willfully claimed and/or threatened to enforce an alleged debt owed by Plaintiff that Defendant(s) knew was not legitimate, had no legal right to, and was inaccurate and/or invalid.  See Fla. Stat. § 559.72(9) (2011) (stating that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist").

14. As a result of the above violations of the FCCPA, Defendant is liable to the Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

        a. Actual damages;
        b. Statutory damages pursuant to Fla. Stat. 559.72(2);
        c. Reasonable Attorneys' fees pursuant to Fla. Stat. §559.77(2);
        d. Such other and further relief as the Court may deem to be just and proper.
        e. Plaintiff respectfully demands trial by jury in this action.

## COUNT 1 AS TO NATIONS RECOVERY CENTER INCORPORATED
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing act and omission of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

17. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and
    b. Attorneys' fees and costs.

## COUNT 2 AS TO NATIONS RECOVERY CENTER INCORPORATED
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

20. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

### COUNT 3 AS TO NATIONS RECOVERY CENTER INCORPORATED VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f(1)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants falsely represented the character of the alleged debt that was allegedly owed to Defendant.

23. The alleged debt that Defendant attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against all Defendant(s) for all of the following:

    a. Damages; and

    b. Attorneys' fees and costs.

### Relief Requested

WHEREFORE, based on the above stated in this complaint Plaintiff has been the subject of Defendant's abusive and unfair practices in their debt collection activity was in violation of the FCCPA and the FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment in favor of the Plaintiff on all counts and requested forms of relief and against all Defendants.

Dated: February 15, 2013                    Respectfully Submitted,

<div style="margin-left: 40%;">

<u>s/ J. Dennis Card, Jr.</u>
J. Dennis Card, Jr., Esq.
Email: dcard@archerbay.com
Florida Bar No.: 0487473
Archer Bay, P.A.
2639 Dr. MLK Jr. Street N.
St. Petersburg, FL 33704
Telephone: (727) 822-8696
Facsimile: (866) 984-5239
Attorney for Plaintiff

</div>